IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01884–KMT–MEH

JAQUELYN ANN WHITTINGTON, individually and on behalf of all other persons similarly situated,

    Plaintiff,

v.

TACO BELL OF AMERICA, INC., and
TACO BELL CORP.,

    Defendants.

## ORDER

This matter is before the court on Defendants' "Unopposed Motion to Reconsider Minute Order Denying Motion to Compel Arbitration for Failure to Comply with D.C.Colo.LCivR 7.1" (Doc. No. 35, filed December 1, 2010).

A litigant subject to an adverse judgment, and who seeks reconsideration by the court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The court will consider Plaintiff's motion to reconsider pursuant to Rule 59(e) because it was filed on the same day the order was entered on December 1, 2010. *See Van*

*Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F .3d 1005, 1012 (10th Cir. 2000).

This court denied Defendants' "Motion to Compel Arbitration" (Doc. No. 33) for Defendants' failure to comply with D.C.COLO.LCivR 7.1A, which states:

> **Duty to Confer.** The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule.

Defendants now argue that this conferral requirement is unnecessary in the Motion to Compel Arbitration because Defendants discussed with Plaintiff the possible filing of a motion to compel arbitration in preparation for the Scheduling Conference, that the possibility of a motion to compel arbitration was discussed at the Scheduling Conference, and that a deadline for the filing of such a motion was set by Magistrate Judge Hegarty at the Scheduling Conference. (Doc. No. 35 at 1–2.) Regardless of discussions that may have taken place in the Scheduling Conference or of information contained in other documents filed in this case, Defendants' Motion to Compel Arbitration is devoid of any indication that Defendants have conferred or made reasonable, good-faith efforts to confer with opposing counsel to resolve the matter at issue. (*See* Doc. No.

33.) It is implicit in the local rule that the moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with the conferral requirement. This court is not required, nor is it inclined, to review every document filed in any case to determine whether conferral requirements have been met.

Defendants have not demonstrated an intervening change in controlling law or presented new evidence, and Defendants fail to convince the court of any need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete*, 204 F .3d at 1012. As such, it is

ORDERED that Defendants' "Unopposed Motion to Reconsider Minute Order Denying Motion to Compel Arbitration for Failure to Comply with D.C.Colo.LCivR 7.1" (Doc. No. 35) is DENIED. However, Defendants may file an amended motion to compel arbitration that complies with D.C.COLO.LCivR 7.1A no later than December 3, 2010.

Dated this 2nd day of December, 2010.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge