IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-01884-KMT-MEH

JAQUELYN ANN WHITTINGTON,
Individually and on behalf of all other similarly situated,

    Plaintiffs,

v.

TACO BELL OF AMERICA, INC.; and
TACO BELL CORP.,

    Defendants.

## REVISED STIPULATION AND CONFIDENTIALITY ORDER

In compliance with the Court's Minute Order [Doc. 45] dated January 24, 2011, the Parties hereby submit this Revised Stipulation and move the Court for a Confidentiality Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as herein defined), and, as grounds, states as follows:

**I.  INTRODUCTION**

1. In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in Paragraph (a)(i) below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy

interests. The Parties have entered into this Revised Stipulation and request the Court to enter the within Confidentiality Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein and prohibiting the Parties from using or disclosing the Confidential Information for any purpose other than this litigation.

2.  Review of Confidential Information (as defined in Paragraph 4 below) by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the information or objections to its production.

3.  The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

**II.    DEFINITIONS**

4.  "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom -- not made available to the public -- and designated by one of the Parties in the manner provided in Section III below. "Confidential Information" includes, but is not limited to, non-public documents and/or data containing trade secrets, or other confidential or proprietary research, development, manufacturing, or commercial or business information. or personal information regarding individuals, in which the Producing Party claims a common law, statutory, and/or regulatory privacy interest. Without prejudice to a Receiving Party's right to seek production of the following information or of the Receiving Party to object to its production, Confidential Information may include the following: customer names;

proprietary licensing, distribution, marketing, design, development, research, and manufacturing information—not publicly filed with any federal or state regulatory authority—whether currently marketed or under development; information concerning competitors; personnel records and information; and financial information not publicly filed with any federal or state regulatory authority.

     5.    "Producing Party" means the party that produces Confidential Information.

     6.    "Receiving Party" means the party receiving Confidential Information.

## III.    DESIGNATION OF MATERIAL

     7.    Before information may be designated by a party as Confidential Information, it must first be reviewed by a lawyer who will certify that the designation as Confidential Information is based on a good faith belief that the information is confidential or otherwise entitled to protection.

     8.    Where Confidential Information is produced, provided or otherwise disclosed by a party in response to any discovery request, it will be designated in the following manner:

         (a)    By imprinting the word "Confidential" on each page of the document produced;

         (b)    With respect to electronically stored information that is not bates-numbered, by imprinting the word "Confidential" on the compact disc (or other media) containing the material produced;

         (c)    By imprinting the word "Confidential" next to or above any response to a discovery request; or

(d) With respect to transcribed testimony, at the time of the deposition or within ten (10) days after receipt of the deposition transcript, a party may designate as Confidential Information specific portions of the transcript which contain confidential matters. No objection shall be interposed at deposition that an answer would elicit Confidential Information. Transcripts will be treated as confidential for a ten (10) day period. Any portions of a transcript designated to contain Confidential Information shall thereafter be treated as confidential in accordance with this Confidentiality Order. In filing materials with the court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim confidential data, or that set forth the substance of such confidential information.

9. The Receiving Party may object to the designation of particular Confidential Information by giving written notice to the Producing Party. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection with ten (10) business days after the time the notice is received, it shall be the obligation of the Producing Party to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Confidentiality Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information until the Court rules on the motion. If the Producing Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Confidentiality

Order. In connection with a motion filed under this provision, the Producing Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

10. In any application to the court or special master referred to or permitted by this Confidentiality Order, the court or special master may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

## IV. RESTRICTIONS ON USE OF DESIGNATION

11. All Confidential Information provided by a Party in response to a discovery request or in transcribed testimony shall be subject to the following restrictions:

(a) It shall not be disclosed, revealed, leaked to the media, or be used for any other purpose or business whatsoever except the preparation and trial of this case;

(b) It shall not be communicated or disclosed by any Party's counsel or a party in any manner, either directly or indirectly, to anyone except the attorneys representing the Parties, designated testifying experts, rebuttal experts, consultants, necessary third party vendors for purposes of this case (e.g., copying services, electronic discovery services, stenographers, etc.), and other persons whom the attorneys deem necessary to review the information for the prosecution or defense of this lawsuit; and

(c) Each person who is authorized to review Confidential Information shall first be shown a copy of this Confidentiality Order and shall further be advised of the obligation to honor the confidentiality designation. Other than the

attorneys representing the Parties and their support staff, copying services, and stenographers, any persons to whom Confidential Information is to be shown shall execute an affidavit agreeing to maintain such confidentiality, the form of which is set forth upon the attached Exhibit A.

12. Confidential Information may be used in this litigation among the Parties and their counsel, experts, and consultants. Individuals authorized to review Confidential Information pursuant to this Confidentiality Order shall hold Confidential Information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless compelled to do so by court order or as otherwise permitted by this Confidentiality Order.

13. Counsel for the Receiving Party shall be responsible for assuring compliance with the terms of this Confidentiality Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of such information.

14. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation and pursuant to this Confidentiality Order.

15. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use. In the event it is necessary for the Parties to file Confidential Information as well as briefs quoting or discussing Confidential Information with the court in connection with any proceeding or

motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR. 7.2. and/or 7.3.

## V.     MISCELLANEOUS

16.     The termination of this litigation shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Confidentiality Order, and the court shall retain continuing jurisdiction to enforce the terms of this Confidentiality Order.

17.     By agreeing to the entry of this Confidentiality Order, the Parties adopt no position as to the discoverability, authenticity or admissibility of documents produced subject to it.  Rather, it is a mechanism by which Confidential Information that is disclosed is prevented from being used for any purpose outside this litigation by any party.

18.     Subject to any applicable requirements of the Federal Rules of Civil Procedure, or the Local Rules, the provisions of this Confidentiality Order shall, absent written permission of the Producing Party or further order of this Court, continue to be binding throughout and after the conclusion of the case, including, without limitation, any appeals therefrom.  Unless all of the Parties agree in writing otherwise, 45 days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Information was produced, all Receiving Parties shall assemble and return to any Producing Party or, alternatively, destroy and provide certification of destruction, all Confidential Information received directly or indirectly from the Producing Party, including all copies thereof, all summaries and/or other materials containing or disclosing such Confidential Information, except outside counsel of record

may retain in its files a complete set of filings with the court, deposition transcripts, and any written discovery requests and written responses thereto. The return of such material shall be acknowledged by the Producing Party in writing.

19.     Nothing in this Confidentiality Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

20.     If another court or an administrative agency subpoenas or orders production of Confidential Information which a Receiving Party has obtained under the terms of this Confidentiality Order, such party shall promptly notify the Producing Party (of such Confidential Information) before complying with said request.

21.     Notwithstanding anything to the contrary herein, any Party may freely disclose its own Confidential Information material in any manner it chooses, including to third parties, without impairing the obligations imposed by this Confidentiality Order upon others.

Dated this 3rd day of February, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

**STIPULATED AND AGREED BY:**

*s/ Steven M. Feder*
Steven M. Feder
FEDER LAW FIRM
Equitable Building
730 17th Street, Suite 550
Denver, CO 80202-3539
Telephone:(303) 221-5599
Facsimile:(303) 221-7357
steve@federlawfirm.com

Fran L. Rudich
Seth R. Lesser
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
Facsimile:(914) 934- 9220
fran.rudich@klafterolsen.com
seth@klafterolsen.com

Silvija Strikis
KELLOGG, HUBER, HANSEN,
TODD, EVANS & FIGEL, PLLC
1615 M Street N.W., Suite 400
Washington, DC 20036-3209
Telephone:(202) 326-7900
Facsimile:(202) 329-7999
sstrikis@khhte.com

**Attorneys for Plaintiff**

*s/ Naomi G. Beer*
Brian L. Duffy
Naomi G. Beer
Jeannette M. Brook
GREENBERG TRAURIG, LLP
The Tabor Center
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Telephone: (303) 572-6500
Facsimile: (303) 572-6540
DuffyB@gtlaw.com
BeerN@gtlaw.com
BrookJ@gtlaw.com

**Attorneys for Defendants**

9

## EXHIBIT A

## **AFFIDAVIT**

STATE OF _____ )
                             ) ss.
COUNTY OF_____ )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Confidentiality Order dated _____, 2011 in Civil Action No. 1:10-cv-01884-KMT-MEH.

2. I fully understand the procedural and substantive requirements of that Confidentiality Order, a copy of which is attached hereto.

3. Before reviewing or receiving access to any Confidential Information subject to the protection of that Order and as a condition for such review and/or access, I will abide by and agree to be bound by and subject to all of the terms and provisions of the Order. I subject myself to the jurisdiction and venue of the Court in the civil action referenced above for purposes of enforcing the terms of the Order.

4. I promise that I will not divulge, or undertake to divulge to any person or recording device, any Confidential Information shown or told to me except as authorized in the Order.

5. I understand that the violation of the terms of the Order will constitute a breach of the Order and may subject me to sanctions, including contempt of Court and/or injunction, as well as a possible claim for damages.

                                                _____
                                                (Signature)

                                                _____
                                                (Print or Type Name)

                                                Address:

                                                _____

                                                _____

                                                Telephone No.: _____

DEN 97,428,347v1

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2011, by _____.

WITNESS my hand and official seal.

My Commission expires:_____.

_____
Notary Public

[SEAL]