IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01884–KMT–MEH

JAQUELYN ANN WHITTINGTON, individually and on behalf of all other persons similarly situated,

    Plaintiff,

v.

TACO BELL OF AMERICA, INC., and
TACO BELL CORP.,

    Defendants.

## ORDER

This matter is before the court on Plaintiff's "Motion to Request Resending of Notice to Potential Collective Action Members and Request for Expedited Hearing and Ruling." (Doc. No. 132, filed Apr. 27, 2012.) Defendants filed their Response on May 3, 2012 (Doc. No. 138) and Plaintiff filed a Reply on May 4, 2012 (Doc. No. 140). The court finds that oral argument would not materially assist in the court's resolution of this matter. *See* D.C.COLO.LCivR 7.1G. For the following reasons, Plaintiff's Motion is GRANTED in part and DENIED in part.

Plaintiff's Motion makes two requests. First, Plaintiff seeks court authorization to resend notice of this action to potential collective action members who have yet to send in their Consent to Join forms. (*See* Mot. ¶¶ 5-7.) Second, Plaintiff seeks to resend notice packages to 340 individuals whose packages were returned as undeliverable. (*See id.* ¶¶ 8-12.) As part of this

request, Plaintiff seeks a court order authorizing Defendants to disclose these individuals' Social Security numbers to the third-party Claims Administrator, who will use this information to obtain more current address information as to these individuals. (*Id.* ¶¶ 10-12.)

Defendants do not oppose Plaintiff's request to resend notice to those individuals whose original notices were returned as undeliverable, nor to disclosing their Social Security numbers to the Claims Administrator in order to obtain more accurate addresses for these individuals. (Resp. at 3.) As such, the court will grant this request. Defendants do, however, oppose Plaintiff's request to resend notice packages to those individuals who have not responded to the notice packages previously sent. (*See id.* at 3-7.) The court addresses this disputed issue below.

Plaintiff maintains that re-mailing notice packages to those individuals who have not responded to the original notice is consistent with common sense. (Mot. ¶ 6.) In support of that position, Plaintiff notes that other courts have endorsed such an approach where the plaintiff's counsel bears the entire cost of the re-mailing, which Plaintiff's counsel agrees to do here. (*Id.* ¶¶ 5-6 (citing, *e.g., Gee v. Suntrust Mortg., Inc.,* C-10-1509-RS, 2011 WL 722111 (N.D. Cal. Feb. 18, 2011); *Lampkin v. Overland Solutions, Inc.,* No. 10-cv-672 BEN (BLM), 2011 WL 1769737 (S.D. Cal. May 9, 2011)). Defendants counter that there is no evidence to indicate that the original notice was insufficient or that notice failed to reach its intended recipients and that, consequently, Plaintiff's proposal to re-send the notice package to individuals who have yet to respond is a "transparent attempt to increase the opt-in rate." (Resp. at 2.) Defendants also argue that court authorization of an additional notice package is improper to the extent that it could be interpreted as judicial sponsorship of Plaintiff's claims. (*Id.* at 4.)

While the court might have considered Plaintiff's request more favorably if it had been raised at the outset of the notice period, the current timing of Plaintiff's request is quite troublesome. The court notes that in the majority of the cases cited by Plaintiff, the district courts endorsed re-mailing of FLSA notice packages in authorizing the *initial* notice plan prior to the notice period. *See Gee*, 2011 WL 722111, at *4; *Lampkin,* 2011 WL 1769737, at *3-4; *Hargrove v. Ryla Teleservs., Inc.,* No. 2:11cv344, 2012 WL 463442, at *1 (E.D. Va. Feb. 13, 2012). (*But see* Mot., Ex. A, *Stillman v. Staples, Inc.,* No. 07-849 (PS) (authorizing the plaintiffs to re-send a "reminder" notice, identical to the previously approved notice, to potential plaintiffs who had not yet responded)). Here, Plaintiff's Motion was filed with only 21 days left in the 90-day notice period. Under these circumstances, the court finds that Plaintiff has effectively "slept on her rights." Indeed, the court finds that it would be inappropriate to permit Plaintiff to evaluate the preliminary results of the opt-in process before seeking an additional opportunity to remind potential class members of their right to join this lawsuit.

The court further agrees with Defendants that, under these circumstances, authorizing Plaintiff's request to re-send notice packages to non-responsive recipients could potentially "be interpreted as encouragement by the court to join this lawsuit." *See Witteman v. Wisconsin Bell, Inc.,* No. 09-cv-440-vis, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010); *Wlotkowski v. Mich. Bell. Tel. Co.,* 267 F.R.D. 213, 220 (E.D. Mich. 2010). At the time Plaintiff's Motion was filed, 430 out of the 3,980 potential collective action members have joined this lawsuit, which constitutes an opt-in rate of approximately ten percent. (Mot. ¶ 4.) The court finds that a decision authorizing Plaintiff to resend the notice packages at this late stage could reasonably be

interpreted to denote the court's disappointment with this opt-in rate and encouragement to join this action. Although that interpretation would be false, even the mere "appearance of judicial endorsement of the merits of [this] action" is improper. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989). Accordingly, the court declines to authorize Plaintiff's request to re-send notice to those potential collective action members who have not yet responded.

Therefore, it is

ORDERED that Plaintiff's "Motion to Request Resending of Notice to Potential Collective Action Members and Request for Expedited Hearing and Ruling" (Doc. No. 132) is GRANTED in part and DENIED in part as follows:

1. Plaintiff's Motion is GRANTED to the extent that it seeks to resend the previously approved notice packages to potential collective action members whose initial notice packages were returned as undeliverable. Defendants shall promptly provide the third-party Claims Administrator with the Social Security numbers of any individual for whom notice packages were returned as undeliverable. The Claims Administrator is authorized to use this information for the sole purpose of locating current address information for these individuals and is further authorized to resend notice packages to these individuals no later than May 21, 2012. The Social Security numbers shall not be disclosed to Plaintiff or her counsel.

2. Plaintiff's Motion is DENIED to the extent it seeks to resend the previously

approved notice packages to potential collective action members who have yet to return their

Consent to Join forms.

Dated this 9th day of May, 2012.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge