IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01884–KMT–MEH

JAQUELYN ANN WHITTINGTON, individually and on behalf of all other persons similarly situated,

    Plaintiff,

v.

TACO BELL OF AMERICA, INC., and
TACO BELL CORP.,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Motion for Reconsideration of the July 20, 2012 Amended Scheduling Order" filed July 27, 2012. [Doc. No. 163.] On August 17, 2012, Defendants filed "Defendants' Response in Opposition to Plaintiff's Motion for Reconsideration of the July 20, 2012 Amended Scheduling Order." [Doc. No. 164.] Although the time for Plaintiff to reply to Defendants' Response has not yet passed, the court notes that it may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1C. The court does not feel further argument will be helpful or necessary.

On July 17, 2012, the parties submitted their Proposed Joint Amended Scheduling Order ("Prop.S.O.") [Doc. No. 161], noting therein the issues where the parties were unable to agree upon any given provision in the Order and provided argument and citations in support of their

respective positions. Thereafter, the court thoroughly reviewed the parties' positions and the law cited by each and on July 20, 2012, issued an Amended Scheduling Order, resolving each of the contested issues. [Doc. No. 162.]

The most prominent contested issues concerned how much, if any, discovery would be allowed to the Defendants with respect to the individual opt-in class members. Plaintiff proposed that no more than 25 randomly selected members of the collective plaintiff group should be deposed and that the depositions be limited to 2.5 testimonial hours. (Prop. S.O. at 4-5.) Further, Plaintiff proposed that written discovery be allowed from Defendants directed to an additional 25 randomly selected opt-in plaintiffs. (*Id.* at 6.) Defendants agreed with the 2.5 hour time limitation for depositions, but argued that depositions should be allowed as to the entire 488 person collective group at Defendants' discretion. (*Id.* at 8-9.) Defendants proposed a limitation on written discovery of 8 interrogatories, 5 requests for production of documents, and 5 requests for admission as to all the opt-in plaintiffs (*id.* at 9), or alternatively if the court desired a more limited group be subjected to written discovery, Defendant suggested the written discovery be limited to one half of the 488 member class. (*Id.*)

After reviewing the arguments and legal authority cited by all parties, the court ultimately allowed the Defendant to take 49 depositions to be selected by Defendants out of the 488 opt-in plaintiffs (ten percent of the whole) and allowed written discovery limited to 8 interrogatories, 5 requests for production of documents and 5 requests for admission to be directed at the entire class.

Plaintiff now seeks reconsideration of the court's determination, particularly with respect to the limited written discovery which may be directed at all the opt-in plaintiffs. Plaintiff requests that instead of allowing Defendants to direct the limited discovery at all the opt-ins, that Defendants be restrained to sending written discovery to an additional forty-nine members of the group, resulting in discovery in one form or another from twenty percent of the preliminary class. (Mot. at 1.) In the Motion, Plaintiffs expand on arguments already made in the first instance and additionally set forth support for their theory that directing written discovery to all of the opt-in plaintiffs will "discourage collective action members from pursuing their claims" in fear of retaliation from the defendant employer. (Mot. at 5.) In the Response, however, the Defendants remind the court that the Notice approved by the court which was originally sent out alerting potential class members of the existence of the lawsuit and requesting opt-in participation, specifically informed all potential opt-in plaintiffs that "[a]s the lawsuit proceeds, the Court may require you to respond to questions about your employment at Taco Bell, in writing or in person." (Resp. at 3.)

Motions for reconsideration are routinely entertained, in one form or another, by federal courts. Such motions "must do two things: First, [they] must demonstrate some reason why the court should reconsider its prior decision. Second, [they] must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988).

The three main grounds that justify reconsideration are "(1) an intervening change in controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error

or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider must, "among other things, present matter that is material and of such importance that it would likely alter the outcome. . . ." *Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th Cir.1991). Put simply, a motion to reconsider is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. A motion to reconsider "should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *National Business Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (internal citations and quotation marks omitted). *Seabron v. American Family Mut. Ins. Co.*, Case No. 11-cv-01096, 2012 WL 3028224, *1 (D. Colo. July 24, 2012)

In the instant case, Plaintiff does not cite any intervening change in controlling law or new evidence previously unavailable and does not even argue that reconsideration of the Court's Order is required to correct clear error or prevent manifest injustice.[1] The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed. *See Servants of the Paraclete*, 204 F.3d at 1012. Absent extraordinary circumstances, arguments that could have been raised in the original briefing on the dispute in question may not be made in a motion for reconsideration. *Id.* Because the

---

[1] Plaintiffs state that they will be required to hire a paralegal full time just to talk to the 488 member of the opt-in class. This does not constitute injustice, much less manifest injustice, since it is Plaintiff who brought this action as a class and who actively sought participation of other class members. It is a given that class counsel will have to make provisions for being able to communicate with and effectively manage and represent the members of the class in order to maintain the suit, whether or not written discovery is directed at class members.

conditions that justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

The Court has carefully analyzed the Motion for Reconsideration and the response thereto as well as the original proposed Amended Scheduling Order. Based on that analysis, the Court concludes that its Amended Scheduling Order was not clearly erroneous. *See King v. Comm'r of Internal Revenue*, 207 F. App'x 681, 683 (7th Cir. 2006) ("Reasonable minds might disagree over the interpretation of the [piece of evidence], but such a disagreement is insufficient to amount to clear error."). Therefore, there are no grounds to reconsider matters already carefully weighed by this court. *Seabron* at *1. *See also Carbajal v. Serra*, Case No. 10-cv-02862-REB-KLM, 2012 WL 1674245, *1 (D. Colo. May 14, 2012).

It is therefore **ORDERED**

"Plaintiff's Motion for Reconsideration of the July 20, 2012 Amended Scheduling Order" [Doc. No. 163.] is **DENIED**.

Dated this 27th day of August, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge