IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 1:10-cv-01884-KMT-MEH

JACQUELYN ANN WHITTINGTON,
Individually and on behalf of all other similarly situated,

      Plaintiffs,

v.

TACO BELL OF AMERICA, INC.; and
TACO BELL CORP.,

      Defendants.

---

**DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM OPT-IN PLAINTIFFS
AND REQUEST FOR EXPEDITED RULING**

---

## TABLE OF CONTENTS

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ........................................... 1

II.    SUMMARY OF RELEVANT FACTS ..................................................................... 4

III.   ARGUMENT ..................................................................................................... 7

       A.     Legal Standard ........................................................................................ 7

       B.     An Order Compelling the Remaining Opt-in Plaintiffs' Responses
              and Applying Appropriate Sanctions is Warranted.................................... 8

       C.     An Order Compelling The Responding Opt-in Plaintiffs' to
              Supplement Their Incomplete, Inadequate, or Evasive Answers is
              Warranted. ............................................................................................... 9

              1.    The Opt-in Plaintiffs' Boilerplate General Objections......................... 9

              2.    The Opt-in Plaintiffs' Objections to Individual Interrogatories......... 11

       D.     An Order Compelling Production of Further Responsive Documents
              is Warranted. ........................................................................................... 16

IV.    CONCLUSION................................................................................................ 18

## **TABLE OF AUTHORITIES**

**Cases**

*Davis v. Westgage Planet Hollywood Las Vegas, LLC,*
  2:08-CV-00722, 2010 WL 5490775 (D. Nev. Nov. 8, 2010) ..................................... 9

*Echostar Satellite, LLC v. Splash Media Partners, L.P.,*
  2009 WL 1328226 (D.Colo. May 11, 2009) ................................................. 7

*EEOC v. Outback Steakhouse of FL, Inc.,*
  251 F.R.D. 603 (D. Colo. 2008) .............................................................. 10

*Greystone Const., Inc. v. National Fire & Marine Ins. Co.,*
  2008 WL 795813 (D. Colo. Mar. 21, 2008) ............................................... 10

*Klesch & Co., Ltd. v. Liberty Media Corp.,*
  217 F.R.D. 517 (D.Colo. 2003) .......................................................... 7, 8

*Stickle v. SCI Western Market Support Center, L.P.,*
  2:08-CV-083, 2010 WL 3218598 (D. Ariz. Aug. 13, 2010) ......................................... 9

*Taylor v. Illinois,*
  484 U.S. 400 (1988) .................................................................... 18

**Federal Rules**

Fed R. Civ. P. Rule 33 ..................................................................... 8, 10

Fed R. Civ. P. Rule 34 ...................................................................... 8

Fed. R. Civ. P. 26(b)(1) ................................................................... 7, 8

Fed. R. Civ. P. 37 ....................................................................... 1, 7, 8

Fed. R. Civ. P. 37(d)(1)(A) ................................................................. 8

**Local Rules**

D. Colo. Civ. R. 7.1(A) ..................................................................... 1

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendants Taco Bell of America, Inc. and Taco Bell Corp. (collectively, "Taco Bell" or "Defendants"), by and through its undersigned counsel, respectively move the Court for an Order compelling Opt-in Plaintiffs to fully respond to Taco Bell's interrogatories and accompanying requests for production.  In support of this Motion, Taco Bell states as follows:

**D.C.COLO.LCivR 7.1(A) CERTIFICATION**

Pursuant to D.C.COLO.LCivR 7.1(A), counsel for Taco Bell certify that they have conferred with opposing counsel in an effort to resolve the issues raised in this Motion. As set forth in more detail below, these meet-and-confer efforts were unsuccessful.

**I.      INTRODUCTION AND SUMMARY OF ARGUMENT**

The opt-in Plaintiffs in this litigation have refused to provide documents and information responsive to Taco Bell's valid discovery requests.  Those requests are designed to evaluate the strength of the Plaintiffs' discrete claims, the extent of their individual damages, if any, and the appropriateness of continued class treatment.

On November 8, 2012, consistent with the limited form of discovery expressly afforded by this  Court's scheduling order, Taco Bell served each opt-in Plaintiff with 8 interrogatories, 5 requests for admission, and 5 requests for production.   These requests are narrowly tailored to seek information regarding each individual Plaintiff's employment with Taco Bell, the claims in this lawsuit, and each individual Plaintiff's alleged damages. Despite having granted Plaintiffs numerous extensions of time in which to provide documents and written responses, counsel for Taco Bell has yet to receive <u>any records</u> from 374 of the 476 opt-in plaintiffs (about 80% of the class).

Plaintiffs did a bit better with the interrogatories and requests for admission, having now provided responses from 350 (about 74%) of the 476 remaining opt-in plaintiffs.  But each of those responses is riddled with boilerplate objections, form responses lacking any specificity, and in many instances a complete refusal to answer the question actually asked.

By way of example, each opt-in Plaintiff who did respond inserts the same boilerplate objections to each interrogatory that the requests are vague and overbroad, and each opt-in Plaintiff objects to and refuses to provide critical employment information, asserting that the information regarding their schedules, work hours, and duties is already within Taco Bell's possession.   As to their substantive responses, Plaintiffs:

- For individuals identified as having relevant knowledge of Plaintiff's claims, refuse to provide the relevant knowledge or articulate the particular knowledge those individuals are believed to possess, or provide any contact information, thus preventing Taco Bell from contacting these alleged witnesses or from having any understanding as to what specifically Plaintiffs believe they may know;

- Refuse to make any attempt to identify the specific week(s) each opt-in claims to have worked overtime or articulate the number of hours he or she worked during the week, the overtime hours claimed for that week, and the amount of overtime pay claimed as due, thus preventing Taco Bell from having any specific understanding as to the damages Plaintiffs assert are due;

- Refuse to describe any complaints any individual Plaintiff made about alleged violations of the FLSA, or to identify to whom such complaints were made and Taco Bell's response;

- Refuse to produce copies of any materials from the prior lawsuits and bankruptcies in which individual opt-ins concede they were involved as parties.

Even for those members of the class who did respond to the written discovery, they have either refused to provide relevant information or provided it in such a format that it makes additional discovery, including depositions, or informal discovery, almost impossible.   Taco Bell regrets burdening the Court with a motion on these issues. However, Plaintiffs have left Taco Bell no choice by their unwillingness to reconsider their position, despite a lengthy meet and confer process.

Because of the impending discovery deadline of July 20, 2013, and the deadline of August 20, 2013 for filing dispositive motions and a motion for decertification, Taco Bell is requesting an expedited ruling so that the discovery can proceed such that it is provided in time to evaluate the responses, identify opt-in deponents, and complete those depositions before July 20.   In light of the delays caused by Plaintiffs' recalcitrant discovery efforts, Taco Bell may ultimately need to request a short extension to the July 20 date.  In this Motion, however, Taco Bell seeks an order compelling opt-in Plaintiffs to respond fully to Interrogatory Nos. 1-4, and 7-8 and Request for Production Nos. 1-5, without further objection.   These specific requests and the inadequacy of Plaintiffs responses are set forth at pp. 11 thru 18, infra.  Additionally, because certain Plaintiffs'

have unnecessarily delayed the process by failing to provide any responses to date, Taco Bell requests that the Court enter certain remedial orders to protect against further discovery abuses.

## II.   SUMMARY OF RELEVANT FACTS

Plaintiffs initiated this action under the Fair Labor Standards Act alleging that Taco Bell improperly classified its Assistant General Managers as exempt from the federal overtime laws.  On January 10, 2012, the Court granted Plaintiffs' motion for conditional certification.  The Notice approved by the Court and sent out to the potential class members specifically informed all potential opt-in plaintiffs that "[a]s the lawsuit proceeds, the Court may require you to respond to questions about your employment at Taco Bell, in writing or in person."   Thereafter, in the Amended Scheduling Order entered on July 20, 2012, the Court set forth in detail the scope of discovery that would be allowed to Taco Bell with respect to each of the individual opt-in class members.  In its Order, the Court allowed Taco Bell to take 49 class member depositions, with the deponents to be selected by Taco Bell, and allowed written discovery, limited to 8 interrogatories, 5 requests for production of documents and 5 requests for admission, to be directed at each class member.  Subsequently, on February 20, 2013, the Court entered an Order modifying the Amended Scheduling Order and extending the deadlines for completing discovery and filing dispositive and decertification motions to accommodate the parties' continued efforts to resolve their disputes through private mediation.  Those mediation efforts were unsuccessful.  The current discovery cut-off is July 20, 2013.

In accordance with the Court's Amended Scheduling order, on November 8, 2012, Taco Bell served written discovery on every individual opt-in Plaintiff.   That discovery was intended to elicit information about the individual opt-in Plaintiffs' specific claims against Taco Bell.   The number and substance of the interrogatories and requests for production contained in Taco Bell's discovery requests propounded on each individual opt-in Plaintiff are identical – Taco Bell is seeking the same information about each opt-in Plaintiff's specific claims.   The Interrogatories and Requests for Production generally seek information from each opt-in regarding hours worked (Interrogatory Nos. 1 and 2, Request No. 1), compensation and damages claimed as due (Interrogatory No. 2, Request No. 2), complaints to management regarding FLSA violations, if any (Interrogatory No. 4, Request No. 3), identification of other court proceedings in which each Plaintiff has been a party (Interrogatory No. 5), factual support for claims alleged in this litigation (Interrogatory No. 6, Request No. 4), identification of witnesses (Interrogatory No. 7) and the knowledge each witness is believed to possess (Interrogatory No. 8).    The 5 Requests for Admission similarly focus on the specific training and job duties performed by the opt-in class, with an eye toward identifying the opt-in's performance of exempt duties.  An exemplar copy of this written discovery is attached as Exhibit A to the accompanying Declaration of Amber Münck; exemplar responses from the first three opt-in Plaintiffs from the alphabetical listing of the opt-in Plaintiffs who responded to the discovery requests are attached as Exhibit B.

The discovery responses were due initially on December 8, 2012.  However, Plaintiffs' counsel informed Taco Bell that they would need additional time to contact

their clients and procure responses.   At Plaintiffs' counsel's request, Taco Bell consented to a 30-day extension of time to January 7, 2013, and discussed the appropriateness of a rolling production.   Despite this extension, Taco Bell received written responses from less than 5% of the class.   Taco Bell's counsel then wrote Plaintiffs' counsel on January 15th outlining concerns both with the woefully deficient response rate and the deficient form responses, in which each opt-in recites general objections and cut-and-paste responses to each of the individual requests served, irrespective of the particular Plaintiff providing the response.

Three weeks later, on February 7, 2013, Plaintiffs' counsel responded with a short missive that they believed the opt-in Plaintiffs had fully satisfied their obligations. Plaintiffs' letter did not address the utter failure of the many class members to provide any documents or written responses whatsoever.   Following an unsuccessful mediation,[1] Taco Bell's counsel wrote Plaintiffs' counsel on April 24, 2013, and identified in detail Taco Bell's ongoing concerns with Plaintiffs' failure to participate in discovery and describing in detail the deficiencies with Plaintiffs' written responses.   The parties thereafter engaged in an extensive conferral effort, after which Plaintiffs' counsel sent a letter on May 3, 2013.   In that letter Plaintiffs committed to producing further responses by May 17, but declined to address whether and how the members of the class might supplement their prior responses to resolve the deficiencies identified by Taco Bell. Taco Bell's counsel sought clarification of Plaintiffs' position by way of a further letter

---

[1] The parties engaged Judge Edward W. Nottingham as mediator on February 13, 2013, with a mediation originally calendared for March 14.   That date was continued by the mediator to April 8. The parties agreed that discovery would be stayed pending the mediation, with the express understanding that if the case was not resolved, responses to written discovery would be provided shortly following the mediation.

dated May 9th.  That letter went unanswered.  For their supplemental responses on May 17, some Plaintiffs revised their unqualified admissions.  No further supplementation was provided.  At no time have Plaintiffs provided Taco Bell with a date certain by which Plaintiffs would provide complete responses on behalf of each of the opt-in Plaintiffs.  Nor have Plaintiffs agreed to reconsider their inadequate form responses and address the specific deficiencies outlined in Taco Bell's counsel's letters and conference calls.  Copies of the above-referenced communications are attached as <u>Exhibit C</u>.

As of the date of this filing, Taco Bell has received records from only 102 of the 476 remaining opt-ins and Plaintiffs have submitted form responses for 350 opt-ins.  Plaintiffs' refusal to provide actual substantive discovery responses prevents Taco Bell from discovering particular facts relevant to individual opt-ins for the purpose of evaluating potential deponents, thereby substantially prejudicing Taco Bell's ability to take the 49 depositions allotted by this Court before the July 20 discovery deadline.

### III.   ARGUMENT

#### A.   <u>Legal Standard</u>

Rule 37 authorizes the Court to compel a litigant to cure its incomplete, inadequate or evasive answers to discovery requests.  "[T]he discovery procedures in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information."  *Klesch & Co., Ltd. v. Liberty Media Corp.,* 217 F.R.D. 517, 523 (D.Colo. 2003).  To that end, "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."  Fed.R.Civ.P. 26(b)(1).  Relevance is broadly construed at the discovery stage of litigation, and a request for discovery should

be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Echostar Satellite, LLC v. Splash Media Partners, L.P.,* 2009 WL 1328226, *4 (D.Colo. May 11, 2009). In this regard, "the party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Rule 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Klesch,* 217 F.R.D. at 524 (citations omitted). Where, as here, the party resisting discovery fails to carry these burdens, discovery should be permitted.

### B. An Order Compelling the Remaining Opt-in Plaintiffs' Responses and Applying Appropriate Sanctions is Warranted.

Federal Rule of Civil Procedure 37 provides the Court with authority to compel full and complete responses to discovery requests. Sanctions may also be ordered where "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A).

Here, the Amended Scheduling Order provides Taco Bell with the right to promulgate written discovery on each opt-in Plaintiff. Taco Bell served discovery requests on the opt-in Plaintiffs through their designated legal counsel, but as of the instant filing, 374 opt-in Plaintiffs have failed to produce *a single document* in response to Defendants' Request for Production of Documents, and another 126 opt-in Plaintiffs have failed to respond at all to Taco Bell's Interrogatories and Requests for Admission.

Thus, this Court may compel responses, and may impose sanctions on the opt-in Plaintiffs who have yet to respond for their failure to cooperate in discovery.

Plaintiffs have had these discovery requests for over six months.  Moreover, the fact that some opt-in Plaintiffs have produced documents and responded to the written discovery suggests that Plaintiffs' counsel have been able to reach their clients and that the remaining  opt-in Plaintiffs who have not responded simply do not want to participate in this litigation.  By now, every opt-in Plaintiff has received the discovery requests and should have responded.  The failure of certain opt-in Plaintiffs to do so is simply not justified.  Accordingly, Taco Bell requests that this Court enter an order compelling the remaining opt-in Plaintiffs to respond within fourteen (14) days.  Taco Bell further requests that this Court enter an appropriate sanction with respect to any opt-in Plaintiff who fails to timely respond within 14 days in the form of an Order that those opt-in Plaintiffs who have failed to produce responsive documents or otherwise respond to the discovery requests show cause why they should not be dismissed from the case.  *See Davis v. Westgate Planet Hollywood Las Vegas, LLC,* 2:08-CV-00722, 2010 WL 5490775 (D. Nev. Nov. 8, 2010) (dismissal of opt-in Plaintiffs is appropriate remedy for failing to respond to discovery); *Stickle v. SCI Western Market Support Center, L.P.*, 2:08-CV-083, 2010 WL 3218598 (D. Ariz. Aug. 13, 2010) (same).

C.     **An Order Compelling The Responding Opt-in Plaintiffs' to Supplement Their Incomplete, Inadequate, or Evasive Answers is Warranted.**

1.     Opt-in Plaintiffs' Boilerplate General Objections.

In addition to filing separate responses for each of the 350 opt-in Plaintiffs who purported to respond to the written discovery, Plaintiff also filed documents entitled "The

Opt-ins' General Objections to Defendants' Interrogatories" and "The Opt-ins' General Objections to Defendants' Requests for Production of Documents," copies of which are attached as <u>Exhibit D</u>.   While Taco Bell's counsel acknowledges that the inclusion of general objections out of an abundance of caution together with substantive responses is a common practice, such objections, standing alone, lack merit.   Here, Plaintiffs' stand-alone "General Objections" are not tied to any single interrogatory or substantive response.   Nor have the opt-in Plaintiffs made any attempt to provide the level of specificity and detail necessary to uphold their objections.

Under Rule 33 of the Federal Rules of Civil Procedure, all grounds for an objection to an interrogatory shall be stated with specificity.   Indeed, as recently acknowledged by Judge Mix in her opinion in *EEOC v. Outback Steakhouse of FL, Inc.*, the "burden of showing that the requested discovery is objectionable falls on [the responding party], and it cannot be satisfied by merely asserting a boilerplate objection to discovery without providing concrete substantiation."   251 F.R.D. 603 (D. Colo. 2008) (internal citations omitted).   *See also Greystone Const., Inc. v. National Fire & Marine Ins. Co.,* 2008 WL 795813 (D. Colo. Mar. 21, 2008) (unpublished) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all") (Shaffer, J.).   The opt-in Plaintiffs' general objections are not made with the specificity required by Rule 33 and do not contain the concrete substantiation required to provide a valid basis for refusing to answer individual interrogatories.   For these reasons, Taco Bell requests that the Court overrule opt-in Plaintiffs' objections and enter an order compelling the opt-in Plaintiffs to make full and complete responses to the written discovery without further objection.

2.      <u>The Opt-in Plaintiffs' Objections to Individual Interrogatories</u>.

In addition to the above deficiencies, the opt-in Plaintiffs' responses to the following individual Interrogatories suffer from specific additional deficiencies that Plaintiffs refuse to correct.

**<u>Interrogatory No. 1</u>**:   Identify each specific week you claim to have worked overtime.

Through this Interrogatory, Taco Bell seeks to have each opt-in Plaintiff identify the week or weeks that he or she claims to have worked overtime.   The interrogatory is directly relevant, focusing on a critical issue at the core of Plaintiffs' claims – their alleged overtime worked.   Taco Bell is entitled to receive each opt-in Plaintiff's best recollection regarding the weeks in which that individual claims to have worked overtime.

Plaintiffs, however, recited in each response the same boilerplate objections, asserting that it is "Defendants' burden to keep accurate records."[2]   Following the recitation of these objections, each opt-in then provided only the "average" amount of hours he or she claims to have worked per week.   To make matters worse, many of the opt-ins did not even provide a meaningful "average amount of hours" worked each week.   In fact, more than 194 of the written responses received to date identify instead a range of overtime hours worked, with a range between 5 and 40 hours.   By way of example only, opt-in Plaintiff Jessica Kay responded that she worked an average of

---

[2] This is the height of gamesmanship by Plaintiffs, given that Plaintiffs fully understand that they were classified as exempt employees, and, accordingly, no time records exist within Taco Bell reflecting the hours worked by such employees.   Moreover, even if Taco Bell did have such records, it is still entitled to learn the specifics of each Plaintiff's alleged overtime claim.

between 60-100 hours per week.  (*See* <u>Exhibit E</u>.)  Her response, and the hundreds like hers, is non-responsive.

> **Interrogatory No. 2**: For each week identified in response to Interrogatory No. 1, list the total number of hours you claim to have worked during that week, the total number of overtime hours you are claiming for that week, and the amount of overtime pay you claim is due.

This interrogatory seeks details with respect to each week identified in response to the first interrogatory, concerning the number of hours worked, the total number of overtime hours claimed for that week, and the amount of overtime pay claimed as due. In short, this interrogatory seeks fundamental information with respect to the damages each opt-in Plaintiff claims to be owed for overtime allegedly due.  *Not a single opt-in Plaintiff answered that question.*   Instead, each Plaintiff merely stated that:

> Unpaid overtime will be calculated at the appropriate time in this litigation by determining the regular rate of pay for each Opt-In by taking the hours the Opt-In was expected to work an dividing the Opt-In's weekly pay by that number.  The Opt-In is entitled to 0.5 times the regular rate of pay between 40 and the hours he was expected to work and one and one half times the regular rate of pay for all additional hours worked in any workweek.

This generic response only highlights the many deficiencies in the opt-in Plaintiffs' discovery responses to date.   The interrogatory does not ask for Plaintiffs' calculation method; it asks for a specific dollar amount claimed as due by each opt-in Plaintiff individually.  It's difficult to envision a more fundamental question in overtime litigation. Moreover, even using the method provided, which Taco Bell disputes is the appropriate calculation, neither Taco Bell nor Plaintiffs can calculate the overtime allegedly due here.  The method described requires Plaintiffs to plug in: (a) the hours the opt-in "was

expected to work," (b) the opt-in's "regular rate of pay" and (c) the "additional hours worked in any workweek"—none of which is provided in response to the interrogatory.

> **Interrogatory No. 3**: If you denied any of Defendants' Requests for Admission, then, with respect to each such denial, describe your reasons for denial.

With this interrogatory, Taco Bell seeks to obtain information regarding the basis for each opt-in Plaintiff's denial of a Request for Admission.   Each opt-in Plaintiff provided the same cut-and-paste response in which he or she identifies the same four reasons – each of which are deficient – for denying all five requests for admission.[3] Plaintiffs have failed to articulate their individual reasons based upon their individual circumstances.   Moreover, in many instances Plaintiffs' stated "reasons" impermissibly misstate or re-phrase the Request for Admission.   By way of example, Request for Admission No. 1 requests that the opt-in plaintiff admit that he or she was required to complete training addressing particular managerial topics.    In their original responses, each opt-in denied the request and stated in their response to this interrogatory that "training was generally comprised of non-managerial and basic restaurant duties." Through their supplemental responses, each opt-in Plaintiff now admits that the specified topics were among a number of areas covered in training "and did not form the principal part of the training."   With respect to either unqualified admission, Plaintiffs' assertion that the listed topics did not form the principal part of the training begs the

---

[3] With the service of their amended responses to Requests for Admission on May 17, 2013, counsel for Plaintiffs indicated that they are reviewing interrogatory responses and anticipate providing updated responses.  Counsel, however, refused to respond meaningfully to any of Taco Bell's letters requesting specific details and asking for clarification with respect to particular demands for supplemental information.  Plaintiffs' unwillingness to confirm whether or not their supplementation will address the specific questions raised during the meet and confer process necessitates the filing of the instant Motion.

questions: what does this particular opt-in Plaintiff believes constitutes "principal part" of training and why?[4]

> **Interrogatory No. 4**: While you were working as an Assistant General Manager for Taco Bell, did you ever complain about alleged violations of the FLSA?  If so, describe your complaint, to whom you made it, and Taco Bell's response.

As an initial matter, in their responses to this Interrogatory, the opt-in Plaintiffs impermissibly limited their answers to complaints "regarding overtime hours."  On its face, however, the scope of the interrogatory encompassed any alleged violations of the FLSA, including, for by way of example, complaints concerning exempt/non-exempt status, managerial or non-managerial duties, meal periods and rest breaks, pay stubs, etc.  Moreover, with respect to the 164 opt-in Plaintiffs who stated that they had made complaints, the majority of those individuals failed to properly described adequately the substance of the complaint made, to whom the complaint was they had made, or Taco Bell's response.  (*See, e.g.,* Exhibit B, response of Miranda Allen at p.3 ("the Opt-In states that she complained verbally to Taco Bell management, who responded that it was Taco Bell policy not to pay overtime to managers").)  Finally, at least one opt-in Plaintiff, Marcus Brown, merely objected to the Interrogatory and declined to provide any substantive response whatsoever.  (*See* Exhibit F.)

> **Interrogatory No. 7**: Other than the other Plaintiffs in this action, identify all individuals whom you believe support your claim that as an Assistant General Manager for Taco Bell you were improperly classified as exempt under the FLSA.

---

[4] This is another example of Plaintiffs' gamesmanship.  Taco Bell's formal training program for AGMs includes weeks of education and training on the management of Taco Bell's restaurants.  Given Plaintiffs' (incorrect) theory that AGMs performed little or no management work, it's not surprising that they want to avoid admitting that Taco Bell provided weeks of management training to each of them.

In response to this interrogatory, many opt-in Plaintiffs failed to identify any witnesses by name at all, instead responding by listing positions such as "Restaurant General Manager" and "District Manager."  (*See, e.g.,* Exhibit B, response of Miranda Allen at p. 5.)  It is inconceivable that so many class members cannot even remember the name of his or her direct supervisor.  Each opt-in should be required to identify by name, with the provision of addresses where available, those individuals who Plaintiffs' contend support their individual claims.   In addition to the provision of names or positions, each opt-in Plaintiff also improperly identifies unnamed "other individuals" who worked in or had responsibility for the location in which the opt-in plaintiff worked. Reference to "other individuals" is not responsive.   To the extent any of the opt-in Plaintiffs are currently aware of and/or able to identify specific individuals who may support their claims, they must properly supplement their response to identify those persons specifically.

**Interrogatory No. 8**: For each individual listed in response to Interrogatory No 7, describe your understanding of the knowledge ach person has that supports your claims in this case.

Each response refers Taco Bell back to the opt-in Plaintiff's response to Interrogatory No. 7, in which each opt-in Plaintiff has described the knowledge of each person identified in precisely the same inadequate manner, asserting that the individual has "knowledge of company policy and practice, including but not limited to the job duties and responsibilities of the Opt-In, and other individuals who performed the same job duties as the Opt-In."  All responses are identical for all individuals, no matter who identified them or what their position or relationship with the opt-in is.  These boilerplate responses lack the necessary specificity required to fully respond to the interrogatory as

written and to provide the specific understanding held by each opt-in Plaintiff with respect to the particular individuals he or she identified.

### D. **An Order Compelling Production of Further Responsive Documents is Warranted**.

As explained, opt-in Plaintiffs raised the same general objections in their responses to both the document requests and interrogatories.  For the same reasons set forth above in Section C.1, their objections to the document requests are improper and should be overruled.  In addition to these same general objections, the opt-in Plaintiffs raised specific objections to a number of the document requests propounded by Taco Bell.  As with Plaintiffs' objections to the Interrogatories, these objections are not legally tenable.  Because the opt-in class members fail to demonstrate any justifiable reason for their failure to properly and fully respond to Taco Bell's document requests, Taco Bell seeks an order overruling their objections and compelling complete, proper responses and production of responsive documents, without further objection.

Taco Bell's requests for production all seek information and documents directly relevant to Plaintiffs' claims in this suit:

- Documents relating or supporting an accounting of the Plaintiff's claims, including the specific dates, times and hours he or she claimed to have worked and the amount of damages due (Request No. 1);

- Documentation concerning or relating to the Plaintiff's employment at Taco Bell, including training materials, check stubs, and work schedules (Request No. 2);

- Documents referencing or relating to communications the Plaintiff had with any other individual concerning his or her assertion that he or she is entitled to receive overtime compensation while working as an AGM (Request No. 3);

- Documents that support the Plaintiff's claim that he or she was misclassified as exempt (Request No. 4); and

- Documents referenced or utilized in any manner in responding to the Interrogatories and Requests for Admission (Request No. 5).

To date, only 102 opt-in Plaintiffs have produced any documents responsive to any one of these requests.  Plaintiffs' counsel has not asserted that the remaining 80% of the class have no responsive documents, nor could they do so.  It defies logic that these remaining 374 individuals, many of whom are current employees who presently receive paychecks, work schedules, and other communications and training materials, have <u>no</u> responsive documents whatsoever.  Yet, to date, these individuals have failed to produce a single document to support their damages claims.  To date, they have produced no communications regarding their classification claims.

In addition, those Plaintiffs who identified other court proceedings in response to written interrogatories have failed and refused to produce documents used in responding to the interrogatories as required by Request No. 5.  For example, dozens of opt-in Plaintiffs identified in their responses to interrogatories their involvement in bankruptcy proceedings.  Counsel for Plaintiffs subsequently supplemented these responses by providing the relevant case name and number.  To provide this

information, Plaintiffs necessarily must have relied on or utilized some documents from their bankruptcy pleadings.  Defendants are entitled to obtain copies of those records to explore whether these debtor opt-ins properly disclosed all assets—including their claims asserted in this litigation—as part of their bankruptcy estate.  Such information is directly relevant to this litigation because it goes directly to the issue of standing.  Taco Bell requests that the Court overrule Plaintiffs' objections and order them to produce documents responsive to this and the remaining document requests without further objection.

## IV.    CONCLUSION

"The need to develop all relevant facts in the adversary system is both fundamental and comprehensive… The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence."  *Taylor v. Illinois,* 484 U.S. 400, 408-09 (1988).  The Opt-in Plaintiffs' obstructionist tactics hinder the recognized truth-finding process of the federal discovery rules.  For the foregoing reasons, Taco Bell respectfully requests the Court to enter an Order compelling the Opt-in Plaintiffs to respond fully and meaningfully to the discovery served on them over six months ago without further objection.

Respectfully submitted this 20th day of May, 2013.

_s/ Amber Münck_____
Brian Duffy
Naomi Beer
Jeanette Brook
Amber Münck
GREENBERG TRAURIG, LLP
1200 17th Street, Suite 2400
Denver, CO  80202
Phone:  303-572-6500
Fax:  303-572-6540
DuffyB@gtlaw.com
BeerN@gtlaw.com
BrookJ@gtlaw.com
MunckA@gtlaw.com

**Attorneys for Defendants Taco Bell of America, Inc. and Taco Bell Corp.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 20, 2013, a true and correct copy of the foregoing **DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM OPT-IN PLAINTIFFS AND REQUEST FOR EXPEDITED RULING** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Steven M. Feder
Feder Law Firm
steve@federlawfirm.com

Seth R. Lesser
Fran L. Rudich
Klafter Olsen & Lesser LLP
frudich@klafterolsen.com
slesser@klafterolsen.com

Silvia Strikis
Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC
sstrikis@khhte.com

Attorneys for Plaintiffs


　　　　*s/ Karen R. Loveland*
　　　　Karen R. Loveland


*DEN 98198395v1*

20