# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

1:10-cv-01884-KMT-MEH

JAQUELYN ANN WHITTINGTON,
Individually and on behalf of all other similarly situated,

      Plaintiffs,

v.

TACO BELL OF AMERICA, INC.; and
TACO BELL CORP.,

      Defendants.

---

## DEFENDANTS' INTERROGATORIES TO
## OPT-IN PLAINTIFF MEYBY AGUILARBELLO

---

Defendants Taco Bell of America, Inc. and Taco Bell Corp. (collectively "Defendants"), by and through their undersigned counsel, submit the following Interrogatories to be answered under oath within thirty (30) days from the date of service hereof pursuant to Federal Rule of Civil Procedure 33.

## **DEFINITIONS**

1.    The terms "**Plaintiff**," "**You**" and "**Your**" shall refer to Opt-In Plaintiff Meyby Aguilarbello and his or her attorneys, investigators, agents, consultants or other representatives.

2.    The term "**Taco Bell**" shall refer to Defendants Taco Bell of America, Inc. and Taco Bell Corp. and shall include their subsidiaries and divisions, predecessors and successors, and their employees, attorneys and investigators.

3.     The term "**document**" or "**documents**" shall be defined to the broadest extent permitted by Federal Rule of Civil Procedure 34(a)(1), and includes without limitation all writings whether in hard copy or electronic form, including but not limited to, letters or other correspondence, facsimiles, e-mails, memoranda, reports, summaries, hand-written notes, transcriptions of conversations and meetings, tabulations, work papers, appraisals, books of account, ledgers, checks, bills, financial statements, contracts, agreements, routing slips, telegrams, notes, statements, publications, brochures, reports, compilations, data, notebooks, work papers, graphs, charts, specifications, bills of material, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, journals, invoices, shipping papers, purchase orders, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, press releases, paste ups, post-it notes, minutes of meetings, films, videotapes and sound reproductions, printout sheets, summaries, transcripts or records or telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, revisions, translations to or from foreign languages, copies and/or mechanical or photographic reproductions or recordation's thereof.    "**Document**" or "**documents**" also includes all non-identical copies, such as those bearing marginal comments, postscripts, changes, amendments, addenda or other notations not present on the original document as initially written, typed or otherwise prepared, as well as all drafts.

4.     The term "**Communication**" shall mean and include any written, oral, telephonic, electronic or other inquiry, representation, discussion, conversation, negotiation, agreement, understanding, meeting letter, note, telegraph, telex, computer transmission, e-mail, advertisement or interview and any document relating to such communication.

5.      The terms  "**Person" or "Persons"** means all natural and legal persons, including, without limitation, individuals, corporations, joint ventures, partnerships, trusts, sole proprietorships, unincorporated associations, and any agency, branch or department of the federal or any state or local government.

6.      "**Identify**," when used with respect to a person, means to state:

(a)      his or her full name;

(b)      his or her present or last known business and home addresses;

(c)      his or her present or last known employer and place of employment; and

(d)      his or her present or last known occupation, title, or position.

7.      "**Identify**," when used with respect to a non-individual, means to state:

(a)      its legal name;

(b)      all names under which it conducts business;

(c)      its form;

(d)      its present or last known address and telephone number;

(e)      its principal owners, directors, officers, agents, representatives, and employees; and

(f)      its relationship to or affiliation with any of the parties to the above-captioned action.

8.      "**Identify**," when used with respect to a document, means to state:

(a)      the type of document (e.g., letter, diary, printout, computer file, memo, newspaper, etc.);

(b)      the title and date thereof;

(c)      its general subject matter;

(d)      its author's identity;

(e)      the identity of each person to whom the document was addressed or sent;

(f)      the identity of each person who received or acquired a copy of the document;

(g)      its present location and its custodian's identity; and

(h)      if the document was, but no longer is, in Plaintiff's possession, custody, or control, what disposition was made of it.

9.      "**Identify**," when used with respect to an event, means to state the date that the event occurred, the location where the event occurred, and all other relevant information regarding the event.

10.      "**Describe**," when used with respect to an event, a course of conduct, or a document, means to identify all documents relating or referring thereto; to identify all persons presently or formerly having knowledge thereof, stating the subject matter of their knowledge and the manner in which such knowledge was acquired; to state what acts were done by each person who in any way participated or engaged in any course of conduct or agreement or who was present at any event being described; and to state the dates on which these acts were done.

11.      The term "**date**" or "**dates**" mean the exact day, month, and year, if ascertainable, or if not, the best approximation including a relationship to any other relevant events.

12.      The phrase **"relates to," "related to"** or **"relating to"** shall mean contains, constitutes, shows, mentions, reflects, identifies, derives from, embodies, comprises, evidences,

pertains or refers in any way whatsoever, directly or indirectly, to, or having any logical or factual connection whatsoever with the subject matter in question.

13.     The term "**and**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make each request herein inclusive rather than exclusive.  The terms "**include**(s)" and "**including**" shall be construed to mean "without limitation."

14.      The terms "**any,**" "**each,**" and "**every**" are interchangeable.

## INSTRUCTIONS

The following instructions shall apply:

1.     Pursuant to Rule 26 of the Federal Rules of Civil Procedure these interrogatories are continuing, and to the extent that the answers may be enlarged, diminished, or otherwise modified by information acquired by you subsequent to the service of the answers hereto, you are requested to promptly serve supplemental answers reflecting such changes.

2.     These interrogatories are directed to the knowledge and information of Plaintiff and the answers hereto are to be completed to the best knowledge of Plaintiff and his or her attorneys, investigators, agents, consultants or other representatives.

3.     If any of the information requested herein is not in the possession of Plaintiff but is known or believed to be in the possession of another person, business, organization or entity, identify that person, business, organization or entity in the manner specified by Definition 10.

4.     In answering these interrogatories, all language should be given its plain meaning and kept in context, and the singular shall be read as including the plural and the plural shall be read as including the singular where appropriate.

5

5.      No part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of that interrogatory.

6.      Where an objection is made to any interrogatory or any part thereof, the objection shall state with specificity all grounds in sufficient detail to allow the court to rule on such objection.

7.      Where a claim of privilege is asserted in objecting to an interrogatory, or any part thereof, and an answer is not provided on the basis of such assertion, you are directed to provide a complete statement of the factual and legal basis for the claim of privilege, including specific identification of any privilege, rule or statute being invoked.   Your statement should provide sufficient detail to allow the Court to rule on any such claim of privilege.

8.      Answers to certain interrogatories may be repetitive and may request the identification of person(s), business concerns, documents, or oral communications similar in whole or in part to responses requested in previous interrogatories.  If any interrogatory calls for information provided in response to another interrogatory, the subsequent interrogatory may be answered by reference to the previous response.   However, if an interrogatory is only partially answered by reference to a previous response, or a previous response contains more information than required by the interrogatory, plaintiffs are requested to specify those portions of the previous response that are applicable to the subject interrogatory.

9.      When an interrogatory does not specifically request a fact, but such additional fact is necessary to make the interrogatory response comprehensible, complete, and not misleading, the interrogatory should be deemed to include a specific request for that fact.   Each

interrogatory is to be construed independently and not by reference to any other interrogatory for the purpose of limitation.

10.     If an interrogatory cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

11.     An interrogatory asking you to "state," "describe" or "explain" seeks disclosure of each and every fact, circumstance, condition and thing known to you about the subject of the Interrogatory containing such language as of the date the interrogatories are answered, and a full description of the source(s) of such facts, circumstances, conditions and things.

12.     The relevant time period for these interrogatories shall be from November 1, 2006 to the present, unless otherwise stated.

## INTERROGATORIES

1.     **Identify** each specific week you claim to have worked overtime.

2.     For each week identified in response to Interrogatory No. 1, list the total number of hours you claim to have worked during that week, the total number of overtime hours you are claiming for that week, and the amount of overtime pay you claim is due.

3.     If you denied any of Defendant's Requests For Admission, then, with respect to each such denial, **describe** your reasons for denial.  For example, if you deny Defendant's Request No. 5, which asks you to admit, "while working for Taco Bell as an Assistant General Manager your primary, principal, main, or most important duty was the management of the restaurant", then identify what you believe your primary, principal, main, or most important duty

was as an Assistant General Manager, what documents or instructions you relied on for you to believe that,  as well as identify all job duties you performed as an Assistant General Manager.

4.      While you were working as an Assistant General Manager for Taco Bell, did you ever complain about alleged violations of the FLSA?  If so, **describe** your complaint, to whom you made it, and Taco Bell's response.

5.      **Identify** all lawsuits or court proceedings in which you have been involved as a party.

6.      **Describe** with specificity all facts you rely on to support your claim that as an Assistant General Manager for Taco Bell you were improperly classified as exempt under the FLSA.

7.      Other than the other Plaintiffs in this action, **identify** all individuals whom you believe support your claim that as an Assistant General Manager for Taco Bell you were improperly classified as exempt under the FLSA.

8.      For each individual listed in response to Interrogatory No. 7, **describe** your understanding of the knowledge each person has that supports your claims in this case.

Dated this 8th day of November, 2012.

GREENBERG TRAURIG, LLP

*s/ Naomi Beer*
Brian L. Duffy
Naomi G. Beer
Jeannette M. Brook
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel:  303-572-6500
Fax: 303-572-6540
Email: duffyb@gtlaw.com
           beern@gtlaw.com
           brookj@gtlaw.com

ATTORNEYS FOR DEFENDANTS
TACO BELL OF AMERICA, INC., and
TACO BELL CORP.

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 8, 2012, a true and correct copy of the foregoing **DEFENDANTS' INTERROGATORIES TO OPT-IN PLAINTIFF MEYBY AGUILARBELLO** was filed with the Clerk of Court using the CM/ECF electronic filing system which will send notification of such filing to all counsel of record.

Steven M. Feder
FEDER LAW FIRM
steve@federlawfirm.com

Seth R. Lesser
Fran L. Rudich
Kyra N. Hild
KLAFTER, OLSEN & LESSER, LLP
frudich@klafterolsen.com
slesser@klafterolsen.com
kyrahild@klafterolsen.com

Silvijia A. Strikis
Marc A. Wallenstein
KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, PLLC
sstrikis@khhte.com
mwallenstein@khhte.com

**Attorneys for Plaintiff**

s/ Julie Eaton
Julie Eaton

(Original on file at offices of Greenberg Traurig,
LLP, pursuant to C.R.C.P. 121, § 1-26)

*DEN 98047019v1*

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-01884-KMT-MEH

JAQUELYN ANN WHITTINGTON,
Individually and on behalf of all other similarly situated,

      Plaintiffs,

v.

TACO BELL OF AMERICA, INC.; and
TACO BELL CORP.,

      Defendants.

---

**DEFENDANTS' REQUESTS FOR ADMISSION TO OPT-IN
PLAINTIFF MEYBY AGUILARBELLO**

---

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendants Taco Bell of America, Inc. and Taco Bell Corp. ("Taco Bell"), by and through undersigned counsel, hereby submit the following Requests for Admission to Opt-In Plaintiff Meyby Aguilarbelloto be answered under oath within thirty (30) days from the date of service.

As set forth in Federal Rule of Civil Procedure 36, if Opt-In Plaintiff objects to a request, the reason for the objection shall be stated.  If Opt-In Plaintiff lacks specific information to be able to admit or deny the matter asserted, he/she shall specifically set forth in detail why he/she cannot fully admit or deny the matter.  Additionally, where Opt-In Plaintiff can only admit part of a matter asserted, he/she shall admit that part which he/she can truthfully admit and set forth in detail the specific reasons why he/she cannot fully admit the matter asserted.

**<u>DEFINITIONS</u>**

1.      The terms **"Plaintiff**," "**You**" and "**Your**" shall refer to Opt-In Plaintiff Meyby Aguilarbello.

2.      The term "**Taco Bell**" shall refer to Defendants Taco Bell of America, Inc. and Taco Bell Corp. and shall include their subsidiaries and divisions, predecessors and successors, and their employees, attorneys and investigators.

**<u>REQUESTS FOR ADMISSION</u>**

1.      Admit that you were required to complete training with Taco Bell addressing topics such as supervision of employees, managing food costs, and restaurant finance as part of becoming an Assistant General Manager.

2.      Admit that while working for Taco Bell as an Assistant General Manager you participated in the hiring and/or firing of hourly employees by either personally hiring or firing hourly employees, or by providing suggestions or recommendations to the Restaurant General Manager of which hourly employee(s) should be hired or fired.

3.      Admit that while working for Taco Bell as an Assistant General Manager you disciplined hourly employees with whom you worked.

4.      Admit that while working for Taco Bell as an Assistant General Manager you directed the work of at least two or more full-time employees with whom you worked.

5.      Admit that while working for Taco Bell as an Assistant General Manager your primary, principal, main, or most important duty was the management of the restaurant.

2

Dated this 8th day of November, 2012.

GREENBERG TRAURIG, LLP

_s/ Naomi Beer_
Brian L. Duffy
Naomi G. Beer
Jeannette M. Brook
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel:  303-572-6500
Fax: 303-572-6540
Email: duffyb@gtlaw.com
        beern@gtlaw.com
        brookj@gtlaw.com

ATTORNEYS FOR DEFENDANTS
TACO BELL OF AMERICA, INC., and
TACO BELL CORP.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on November 8, 2012, a true and correct copy of the foregoing **DEFENDANTS' REQUESTS FOR ADMISSION TO OPT-IN PLAINTIFF MEYBY AGUILARBELLO** was filed with the Clerk of Court using the CM/ECF electronic filing system which will send notification of such filing to all counsel of record.

Steven M. Feder
FEDER LAW FIRM
steve@federlawfirm.com

Seth R. Lesser
Fran L. Rudich
Kyra N. Hild
KLAFTER, OLSEN & LESSER, LLP
frudich@klafterolsen.com
slesser@klafterolsen.com
kyrahild@klafterolsen.com

Silvijia A. Strikis
Marc A. Wallenstein
KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, PLLC
sstrikis@khhte.com
mwallenstein@khhte.com

**Attorneys for Plaintiff**

<u>s/ Julie Eaton</u>
Julie Eaton

(Original on file at offices of Greenberg Traurig, LLP, pursuant to C.R.C.P. 121, § 1-26)

*DEN 98047026v1*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-01884-KMT-MEH

JAQUELYN ANN WHITTINGTON,
Individually and on behalf of all other similarly situated,

      Plaintiffs,

v.

TACO BELL OF AMERICA, INC.; and
TACO BELL CORP.,

      Defendants.

---

## DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO OPT-IN PLAINTIFF MEYBY AGUILARBELLO

---

      Defendants Taco Bell of America, Inc. and Taco Bell Corp. (collectively "Defendants"), by and through their undersigned counsel, submit the following Requests for Production of Documents to Opt-in Plaintiff Meyby Aguilarbello ("Plaintiff") to be produced for inspection and copying within thirty (30) days of service in accordance with the following instructions for use and definitions.  Such production shall be made at the law offices of Greenberg Traurig, LLP, 1200 Seventeenth Street, Suite 2400, Denver, Colorado 80202.

### DEFINITIONS

      1.    The terms "**Plaintiff**," "**You**" and "**Your**" shall refer to Opt-In Plaintiff Meyby Aguilarbello and Opt-in Plaintiff's attorneys, investigators, agents, consultants or other representatives.

2.      The term "**Taco Bell**" shall refer to Defendants Taco Bell of America, Inc. and Taco Bell Corp. and shall include their subsidiaries and divisions, predecessors and successors, and their employees, attorneys and investigators.

3.      The term "**document**" or "**documents**" shall be defined to the broadest extent permitted by Federal Rule of Civil Procedure 34(a)(1), and includes without limitation all writings whether in hard copy or electronic form, including but not limited to, letters or other correspondence, facsimiles, e-mails, memoranda, reports, summaries, hand-written notes, transcriptions of conversations and meetings, tabulations, work papers, appraisals, books of account, ledgers, checks, bills, financial statements, contracts, agreements, routing slips, telegrams, notes, statements, publications, brochures, reports, compilations, data, notebooks, work papers, graphs, charts, specifications, bills of material, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, journals, invoices, shipping papers, purchase orders, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising literature, press releases, paste ups, post-it notes, minutes of meetings, films, videotapes and sound reproductions, printout sheets, summaries, transcripts or records or telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, revisions, translations to or from foreign languages, copies and/or mechanical or photographic reproductions or recordation's thereof.   "**Document**" or "**documents**" also includes all non-identical copies, such as those bearing marginal comments, postscripts, changes, amendments, addenda or other notations not present on the original document as initially written, typed or otherwise prepared, as well as all drafts.

2

4.      The term "**Communication**" shall mean and include any written, oral, telephonic, electronic or other inquiry, representation, discussion, conversation, negotiation, agreement, understanding, meeting letter, note, telegraph, telex, computer transmission, e-mail, advertisement or interview and any document relating to such communication.

5.      The terms   "**Person" or "Persons**" means all natural and legal persons, including, without limitation, individuals, corporations, joint ventures, partnerships, trusts, sole proprietorships, unincorporated associations, and any agency, branch or department of the federal or any state or local government.

6.      The phrase "**relates to," "related to**" or "**relating to**" shall mean contains, constitutes, shows, mentions, reflects, identifies, derives from, embodies, comprises, evidences, pertains or refers in any way whatsoever, directly or indirectly, to, or having any logical or factual connection whatsoever with the subject matter in question.

7.      The term "**and**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make each request herein inclusive rather than exclusive.   The terms "**include**(s)" and "**including**" shall be construed to mean "without limitation."

8.      The terms "**any," "each,**" and "**every**" are interchangeable.

## <u>INSTRUCTIONS</u>

The following instructions shall apply:

1.      Each production request shall be answered separately and fully in writing and under oath by Plaintiff, unless it is objected to, in which event Plaintiff is to state the reasons for her objection and shall furnish all information available to the extent the

production request is not objectionable.  All grounds for objection shall be stated with specificity.

2.      In answering these production requests furnish all information available to you, including information in the possession of Plaintiff's attorneys, investigators, and all persons acting on Plaintiff's behalf.   If Plaintiff cannot answer these production requests in full after exercising due diligence to secure the information requested, so state and answer to the extent possible, specifying the nature of Plaintiff's inability to answer the remainder, and providing whatever information or knowledge Plaintiff possesses concerning the unanswered portion.   If Plaintiff objects to any portion of any document request, Plaintiff is requested to produce all documents requested by that portion of the document request to which Plaintiff does not object. If Plaintiff objects to any document request for the reason that it is too broad, Plaintiff is to produce all documents that Plaintiff concedes are relevant.  If Plaintiff objects to a document request on the ground that to provide an answer or produce a document would constitute an undue burden, Plaintiff is to provide all requested documents that can be supplied without undertaking an undue burden.

3.      As to any document withheld, in whole or in part, because of a claim of privilege or work product, provide a privilege log that:

(a)      states the nature of the privilege claimed;

(b)      identifies the document, author, sender, date, and all recipients of the document; and

(c)    describes in general the subject matter of the withheld information or document and identifies all person having knowledge of the withheld information or custody of the withheld document.

4.    If, in response to these requests for production, Plaintiff objects to producing any document (or part thereof), or if Plaintiff claims that any requested document need not be produced:

(a)    identify each such document, furnishing the date, author's name (and each addresser, if different from the author), each addressee's name and any additional information necessary to identify the document precisely; and

(b)    indicate for each document the specific ground(s) or reason(s) for the objection or refusal to produce.

5.    If any document responsive to these requests for production was, but no longer is, in Plaintiff's possession or control, or no longer is in existence, state whether it is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others, and if so, to whom; or (d) disposed of otherwise.     In each instance, explain the circumstances surrounding any authorization for such disposition, and state the approximate date thereof.

6.    Every production request herein shall be deemed to be a continuing request, and Plaintiff is to supplement its responses promptly if and when Plaintiff or any person acting on her behalf obtains relevant information or documents in addition to, or in any way inconsistent with, the initial response to any such production request.

7.      The use herein of bold type and of headings and subheadings are for ease of reference only.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Produce all documents relating to or supporting the accounting of your claim as referenced in your response to interrogatories No. 1 and No. 2, including the specific dates, times, and hours that you claim to have worked and the amount of damages you claim are due.

2.      Produce all documentation concerning or relating to your employment at Taco Bell, including training materials, check stubs, and work schedules.

3.      Produce all documents referencing or relating to communications you have had with any other individual concerning your assertion that you are entitled to receive over time compensation while working as an Assistant General Manager at Taco Bell.

4.      Produce all documents that you believe support your claim that you were misclassified as an exempt employee under the FSLA.

5.      Produce all documents referenced or utilized in any manner in responding to the Interrogatories and Requests for Admissions served upon you in this action.

Dated this 8th day of November, 2012.

GREENBERG TRAURIG, LLP

_s/ Naomi Beer_____
Brian L. Duffy
Naomi G. Beer
Jeannette M. Brook
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tel:  303-572-6500
Fax: 303-572-6540
Email: duffyb@gtlaw.com
        beern@gtlaw.com
        brookj@gtlaw.com

ATTORNEYS FOR DEFENDANTS TACO
BELL OF AMERICA, INC., and TACO
BELL CORP.

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 8, 2012, a true and correct copy of the foregoing **DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO OPT-IN PLAINTIFF MEYBY AGUILARBELLO** was filed with the Clerk of Court using the CM/ECF electronic filing system which will send notification of such filing to all counsel of record.

Steven M. Feder
FEDER LAW FIRM
steve@federlawfirm.com

Seth R. Lesser
Fran L. Rudich
Kyra N. Hild
KLAFTER, OLSEN & LESSER, LLP
frudich@klafterolsen.com
slesser@klafterolsen.com
kyrahild@klafterolsen.com

Silvijia A. Strikis
Marc A. Wallenstein
KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, PLLC
sstrikis@khhte.com
mwallenstein@khhte.com

**Attorneys for Plaintiff**




_s/ Julie Eaton_
Julie Eaton

(Original on file at offices of Greenberg Traurig,
LLP, pursuant to C.R.C.P. 121, § 1-26)

_DEN 98047030v1_