IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01884–KMT–MEH

JAQUELYN ANN WHITTINGTON, individually and on behalf of all other persons similarly situated,

    Plaintiff,

v.

TACO BELL OF AMERICA, INC., and
TACO BELL CORP.,

    Defendants.

## ORDER

This matter is before the court on the "Joint Motion for Approval of Collective Action Settlement" [Doc. No. 202] filed August 12, 2013.

Plaintiff has asserted claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") and the Colorado Minimum Wage Order set forth at 7 CCR § 1103-1, arising out of an alleged failure of Defendants to appropriately compensate Assistant General Managers ("AGMs") working at company owned Taco Bell stores for all hours worked per workweek. The claims were asserted as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of Plaintiff and other current and former employees who worked for Defendants as AGMs.

On September 16, 2011, Named Plaintiff Whittington filed a Motion for Conditional Certification [Doc. Nos. 61 and 62], seeking conditional certification of a nationwide (except for California) collective of individuals who had been employed by Defendants as exempt employees in the position of AGM within the prior three years. On January 10, 2012, the Court granted Plaintiff's Motion for Conditional Certification. [Doc. No. 85.] The Court conditionally certified a collective of all persons who are or were formerly employed as Assistant General Managers at a company-owned Taco Bell restaurant(s) in any state other than California at any time since January 10, 2009. As of the date of the filing of the instant joint motion, 475 individuals have filed consents to join the case as Opt-Ins asserting FLSA claims against Defendants.

The parties have advised the court that, utilizing the services of a professional mediator, they have reached a settlement in their case. When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination whether the settlement is fair and reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982). This is the object of the instant motion.

To approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. *See id* .at 1354. The Court may enter a stipulated judgment only after scrutinizing the settlement for fairness. *Peterson v. Mortgage Sources, Corp.*, 2011 WL 3793963, *4 (D. Kan. August 25, 2011); *Baker v. D.A.R.A. II, Inc*., No. CV–06–2887–PHX–LOA, 2008 WL 4368913, at *2 (D.

Ariz. Sept.24, 2008). Further, when a plaintiff has voluntarily assumed the fiduciary role of class representative, the Court must determine "whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members." *Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1314 (4th Cir.1978).

The case law, almost without exception, also provides that, "[w]here parties settle FLSA claims before the Court has made a final collective action ruling, the Court must make some final class certification finding before it can approve a collective action settlement." *Peterson, id. See also Grayson v. K Mart Corp*, 79 F.3d 1086, 1096 (11th Cir. 1996); *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 993 (N. D. Ind. 2010); *Murillo v. Pac. Gas & Elec. Co.*, No. CIV. 2:08–1974 WBS GGH, 2010 WL 2889728, *2 (E. D. Cal. July 21, 2010). *But see Hobbs v. Tandem Environmental Solutions, Inc.*, 2012 WL 4747166, *1 (D. Kan. Oct. 4, 2012)(After the Court overruled parties' first motion for settlement approval, plaintiffs withdrew their request for collective action certification, and the court approved the settlement agreement for the named plaintiffs only). In order to make a final collective action ruling, the court must make findings concerning whether the conditional collective Opt-Ins are "similarly situated," considering "(1) the disparate factual and employment settings of individual plaintiffs; (2) various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *Peterson* at *4 (citing *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir.2001).

The parties here have not specifically requested the court to make "some class certification finding." *Id.* The parties do, however, refer to the settlement as a "collective action

3

settlement" and seek to send notice to all Opt-Ins. (See Doc. No. 204-1, executed "Collective Action Settlement Agreement," ¶ 4(c).) Further, they define the "settlement collective" as "(a) the Named Plaintiff and (b) the Opt-ins who filed a written consent to join the Action as members of the collective conditionally certified by the Court on January 10, 2012." (*Id*. at 5.) By the same token, however, the proposed settlement agreement specifically provides

> 8. This Settlement Agreement is contingent upon the approval of the Court and the satisfaction of the other terms set forth in this Agreement. *Defendants do not waive, and instead expressly reserve, their rights to move for decertification of the conditionally-certified collective, or to challenge the propriety of final certification for any purpose,* should the Court not approve this Settlement Agreement and not enter an Approval Order.

(*Id*. at ¶ 8 (emphasis added).) *See also id* at ¶ 3(a) ("The Parties agree that in not challenging, disturbing, or otherwise seeking modification or decertification of the Settlement Collective, the Defendants are not in any way admitting that class or collective certification is proper in this, or any other wage and hour litigation against Defendants.")

Further the parties have not provided information about the 475 Opt-Ins sufficient for the court to determine whether the collective is made up of individuals who are "similarly situated," even if such a collective were only to be certified as a 'settlement' collective.

Therefore, it is **ORDERED**

The "Joint Motion for Approval of Collective Action Settlement" [Doc. No. 202] is held in abeyance.

The parties are **ORDERED, on or before September 3, 2013,** to file a joint supplement to the "Joint Motion for Approval of Collective Action Settlement" addressing the requirement

for the court to make a final class certification ruling, the standard under which such a class certification must be made, whether a form of "settlement class" is sufficient under current law in this circuit  The parties are further **ORDERED** to provide, as part of their joint supplement, a sufficient factual basis upon which the court could make any such required certification.

Dated this 20th day of August, 2013.

BY THE COURT:

*/s/ Kathleen M. Tafoya*

Kathleen M. Tafoya
United States Magistrate Judge